UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JUSTIN LEIGH VENEGAS,           §
                                §
          Petitioner,           §
VS.                             §        CIVIL ACTION NO. 2:12-CV-306
                                §
RICK THALER,                    §
                                §
          Respondent.           §

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Telford Unit in New Boston, Texas.  The actions about which he complains occurred in Nueces County, Texas.  Proceeding *pro se* and *in forma pauperis*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on September 24, 2012[1] and filed an amended petition on June 17, 2013.  The underlying conviction which is the subject of the petition is a 2007 Nueces County conviction for burglary of a habitation with the intent to commit assault.  Petitioner claims that his constitutional rights were violated during the plea and sentencing process.  Respondent filed a motion for summary judgment on March 12, 2013 to which Petitioner responded on April 26, 2013 (D.E. 22, 28).  For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on September 24, 2012 and it is considered filed as of that date.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.  Petitioner was convicted in Nueces County, Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner was indicted on April 12, 2007 on one count of entering a habitation without the effective consent of the owner, with the intent to commit the felony offense of aggravated assault.  *Ex Parte Venegas*, WR-73,171-03, Event Date: 02/06/2012 at 141 (D.E. 13-41 at 60).  He subsequently was reindicted with an additional allegation that he previously had been convicted of assault on a public servant on February 26, 2003.  *Id.* at 144-145 (D.E. 13-41 at 63-64).

On June 4, 2007 Petitioner pleaded guilty to burglary of a habitation while committing or attempting to commit the offense of aggravated assault (I CR 42-43, D.E. 13-25 at 46-47; I RR 4-8, D.E. 13-19 at 6-10).  There was no plea-bargain agreement and Petitioner asked the trial court to assess punishment (I RR 7; D.E. 13-19 at 9).

The court held a hearing on punishment at which three witnesses testified.  Nancy Cunningham stated that she owned the house that was burglarized and that Petitioner had "assaulted and stalked" her daughter, Sarah Pinkston, for approximately ten years (I RR 10-11; D.E. 13-19 at 12-13).  Pinkston testified that Petitioner was the father of her two children (I RR 19; D.E. 13-19 at 21).  On the night of the assault, Pinkston was at home with her children and a friend when Petitioner called and Pinkston realized that Petitioner was looking in the window.  Pinkston locked the front door but Petitioner kicked it in and

attacked her friend (I RR 25-26, 29-30; D.E. 13-19 at 27-28, 31-32).  Petitioner testified

that he did not use brass knuckles or a rope as had been previously reported, but did kick

in the door and fight with the man in Pinkston's house (I RR 33; D.E. 13-19 at 35).

     The prosecutor told the court that the victims agreed that if the prosecution did not

proceed on the enhancement allegation but instead went ahead on the charge of burglary

of a habitation with intent to commit aggravated assault, they would be satisfied with a

ten-year sentence (I RR 31: D.E. 13-19 at 33).  The court found Petitioner guilty of

burglary of a habitation with the intent to commit assault (not aggravated assault) and

sentenced him to ten years incarceration (I RR 36; D.E. 13-19 at 38).

     Petitioner filed a direct appeal and his conviction was affirmed by the Thirteenth

Court of Appeals on December 3, 2009.[2]  *Venegas v. State*, No. 13-07-00396-CR, 2009

WL 4458710 (Tex. App. Corpus Christi 2009, pet. ref'd)(mem. op., not designated for

publication)(located herein at D.E. 13-12 at 1-12).  Petitioner sought a petition for

discretionary review with the Texas Court of Criminal appeals which was refused and he

also sought a writ of certiorari from the United States Supreme Court, which was denied

on October 12, 2010 (D.E. 13-3, 13-5).   Petitioner next filed an application for habeas

corpus relief in state court on July 27, 2010.  *Ex Parte Venegas*, WR-73,171-03 at 2-13,

Event Date: 02/06/2012 (D.E. 13-40 at 7-18).  The trial court entered an order

designating issues on August 16, 2011 and the State filed a supplemental answer on

December 28, 2011.  *Ex Parte Venegas*, WR-73,171-03, Event Date: 01/25/2012 at 2-12

(D.E. 13-39 at 5-15).  On December 28, 2011 the trial court entered findings of fact and

---

[2]Petitioner's conviction was affirmed with two modifications, neither of which are at issue here.

conclusions of law, concluding that Petitioner was not entitled to habeas relief.  *Ex Parte*

*Venegas*, WR-173,171-03, Event Date: 02/06/2012 at 139 (D.E. 13-41 at 58).  On July

25, 2012 the Texas Court of Criminal Appeals denied habeas relief without written order

on the findings of the trial court.  *Id.* at "Action Taken" page ( D.E. 13-40 at 2).

Petitioner alleges the following in his amended petition:

(1) His right to due process was violated in several ways when the trial court
found him guilty of burglary of a habitation with the intent to commit assault,
when he was indicted for and pleaded guilty to burglary of a habitation with the
intent to commit aggravated assault;

(2) The trial court in effect withdrew Petitioner's guilty plea when it found him
guilty only burglary of a habitation with the intention to commit assault, but failed
to find him guilty beyond a reasonable doubt on that offense;

(3) He received ineffective assistance of trial counsel when his attorney

(a) failed to object to the trial court's finding that Petitioner was guilty of the
lesser included offense;
(b) advised Petitioner to plead guilty and accept a 15-year plea bargain;
(c) threatened Petitioner that if he did not agree to a 15-year plea bargain and
tried to hire an attorney, he would be in trouble for having requested court-
appointed counsel;
(d) convinced Petitioner that he was guilty of the crime charged because of the
unlawful entry language and that the assault element would only be
considered for punishment purposes;
(e) had Petitioner commit fraud on the court by stipulating to the evidence
about the aggravated assault that the court found was untrue; and
(f) failed to advise Petitioner of his right to demand that the State prove each
element of the offense charged beyond a reasonable doubt.

In Respondent's motion for summary judgment, he argues that (1) Petitioner did

not exhaust all of his claims prior to filing his federal petition and has procedurally

defaulted those claims; (2) his guilty plea was knowing and voluntary; (3) the state court

of appeals properly affirmed Petitioner's conviction and (4) his claim that his trial

attorney provided ineffective assistance was waived by his guilty plea and otherwise is

without merit.  In his response to the motion for summary judgment Petitioner reiterated

his arguments that he is entitled to habeas relief.

## APPLICABLE LAW

### A.  Exhaustion of State Remedies and Procedural Bar

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of

habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

shall not be granted unless it appears that ... the applicant has exhausted the remedies

available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must

exhaust all available state remedies before he may obtain federal habeas corpus relief."

*Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir.1995).  The exhaustion requirement "is not

jurisdictional, but reflects the policy of federal-state comity, which is designed to give

state courts the initial opportunity to consider and correct alleged violations of their

prisoners' federal rights."  *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005)(citing

*Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)).  Exceptions exist only where

there is an absence of available State corrective process or circumstances exist that render

such process ineffective to protect the rights of the applicant.  See 28 U.S.C. §

2254(b)(1)(B).

If a petitioner fails to exhaust state court remedies and the court to which the

petitioner would be required to present his claims in order to meet the exhaustion

requirement would find the claims procedurally barred, there is a procedural default for

purposes of federal habeas.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct.

2546, 2557, 115 L.Ed.2d 640 (1991). The Texas Court of Criminal Appeals applies the abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)(citing *Ex Parte Barber*, 879 S.W.2d 889, 892 n. 1 (Tex.Cr.App. 1994)). See also Tex. Code Crim. Proc. Art. 11.07 § 4 (subsequent habeas applications barred absent specific exceptions).

Respondent asserts that Petitioner failed to exhaust claims that (1) he was denied a jury trial on the lesser included offense and (2) his attorney was ineffective when he advised Petitioner to plead guilty and accept a 15-year-sentence; convinced him that he was guilty of the crime charged; manipulated him to surrender his presumption of innocence, his right to trial by jury and his right to demand that the State prove each element of the charged offense beyond a reasonable doubt; allowed him to commit fraud on the court; geared "his ostensible confrontation of witnesses around punishment;" failed to object to the trial court violating due process by convicting him on a different theory; allowed the trial court to advocate facts that established his innocence and failed to advocate on his behalf.[3] Petitioner's complaint is repetitive and it is not clear that he brought all the particular claims that Respondent contends are unexhausted. Nevertheless, if he did intend to bring those particular claims, Respondent is correct that Petitioner did not exhaust all of them at the state court level. For purposes of this motion it will be assumed that Petitioner did intend to bring the claims and that they are unexhausted. Accordingly, the claims should be dismissed as unexhausted and

---

[3] Respondent argued that other claims brought by petitioner were unexhausted and procedurally barred, but Petitioner abandoned those claims in his amended petition.

procedurally barred.  In the alternative, the claims will be addressed on the merits.  *See* 28 U.S.C. § 2254(b)(2).  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."

## B. Merits

### (1) Standard of Review

Under the AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

8 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d (2000).  Although "unreasonable" is difficult to define, the Supreme Court

noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, 120 S.Ct. at 1522-1523).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)).  A federal habeas court must determine what theories or arguments supported, or could have supported, the state court's decision.  Then it must ask whether it is possible that fair-minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S.Ct. at 786.  Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).

The standard is very difficult to meet.  "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court litigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther." *Id.*  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999). A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id.* In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S.Ct. at 784.

### (2) Conviction on Lesser-Included Offense

The crux of Petitioner's complaint is that he pleaded guilty to burglary of a habitation with intent to commit aggravated assault, but the court, after hearing testimony at a punishment hearing, convicted him of the lesser-included offense burglary of a habitation with the intent to commit assault.[4] Petitioner asserts that after the court determined that he had not attempted to commit aggravated assault, his guilty plea was in

---

[4] Petitioner asserts that burglary of a habitation with intent to commit assault is not a lesser-included offense of burglary of a habitation with intent to commit aggravated assault (Amended Pet. At 7; D.E. 29-2 at 7), but he is mistaken. *See Jennings v. State*, 302 S.W.3d 306, 308 (Tex. Crim. App. 2010)("The trial judge instructed the jury on first-degree burglary of a habitation with intent to commit aggravated assault as well as the lesser-included offense of second-degree burglary with intent to commit assault.")

effect withdrawn and due process required that he be tried on the charge of burglary with the intent to commit assault.

The Thirteenth Court of Appeals addressed this issue in its opinion.  The court noted that Petitioner signed and swore to a judicial confession and stipulation which tracked the language of the indictment charging appellant with entering a habitation without consent and attempting to commit or committing aggravated assault.  At the punishment hearing, however, Petitioner denied committing an aggravated assault. *Venegas,* 2009 WL 4458710 at *3.  The trial court considered all the evidence before it and found Petitioner guilty of the lesser-included offense.  *Id.*

The appellate court relied on *Mendez v. State*, 138 S.W. 3d 334, 350 (Tex. Crim. App. 2004) and *Aldrich v. State*, 104 S.W.3d 890, 894 (Tex. Crim. App. 2003) for their holdings that "when a defendant has waived trial by jury and pleaded guilty, the trial court has no duty to conduct some special proceeding when evidence inconsistent with guilt is introduced."   In addition, whether to undertake any additional inquiry into the voluntary and knowing nature of the plea is solely within the province of the trial court. *Aldrich*, 104 S.W.3d at 894.  When a defendant has pleaded guilty, the trial court must decide only if he is guilty as he pleaded, guilty of a lesser included offense, or not guilty. *Aldrich*, 104 S.W.3d 890.

Petitioner has failed to show that fairminded jurists could disagree with the state appellate court's conclusion that the trial court did not violate Petitioner's due process rights when it found him guilty of the lesser-included offense.  He cites *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), for its holding that the

Due Process Clause requires that convictions be based upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. *Winship* involved adjudication of a juvenile on a larceny charge. The New York family code provided that a juvenile could be adjudicated a delinquent by a preponderance of the evidence. *Id.*, 397 U.S. at 360, 90 S.Ct. at 1068. At the hearing, the judge acknowledged that he found the juvenile guilty by a preponderance of the evidence. *Id.*, 397 U.S. at 361; 90 S.Ct. at 1071. The Court reversed, holding that the reasonable doubt standard was to be employed in all criminal trials, including juvenile adjudications. *Id.*, 397 at 364, 90 S.Ct. at 1068.

Petitioner in this case argues that the trial court did not give a reasonable doubt instruction. However, because there was no jury, there was no need for the court to issue instructions about the reasonable doubt standard. Nor is there any evidence in the record to indicate that the court did not find Petitioner guilty beyond a reasonable doubt. The court stated, "Based on your plea of guilty, based on the evidence presented, the court, everything found you – finds you guilty of burglary of a habitation with intent to commit assault . . . ." (I RR 36; D.E. 13-19 at 38). In the absence of evidence to the contrary, it is presumed that a trial court employs the "reasonable doubt" standard in finding a defendant guilty of a criminal offense. *Ex Parte Jackson*, 911 S.W.2d 230, 234 (Tex. App. –Houston [14th Dist.] 1995, no pet.). Petitioner has pointed to no evidence that the court did not rely on the reasonable doubt standard to find him guilty.

Petitioner has not shown that the state court determination was contrary to Supreme Court precedent. Accordingly, Respondent is entitled to summary judgment on

Petitioner's causes of action arising from the fact that he was not convicted of the crime for which he was indicted, but on a lesser-included offense.

### (3)  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable.  *Id.*, 466 U.S. at 687-88, 104 S.Ct. at 2064.  Petitioner must show "significant prejudice" in a noncapital context.  *Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994)(citing *Spriggs v. Collins*, 993 F.2d 85, 88, n. 4 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  A petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  *Id.*, 466 U.S. at 690, 104 S.Ct. at 2066.

An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive

> post-trial inquiry" threaten the integrity of the very adversary process the
> right to counsel is meant to serve.  *Strickland*, 466 U.S. at 689-690, 104
> S.Ct. 2052. . . . Unlike a later reviewing court, the attorney observed the
> relevant proceedings, knew of materials outside the record, and interacted
> with the client, with opposing counsel, and with the judge.  It is "all too
> tempting" to "second-guess counsel's assistance after conviction or adverse
> sentence."  *Id.*, at 689, 104 S.Ct. 2052; . . . The question is whether an
> attorney's representation amounted to incompetence under "prevailing
> professional norms," not whether it deviated from best practices or most
> common custom.  *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052.

*Harrington*, 131 S.Ct. at 788.  In addition, federal habeas courts must guard against the

danger of equating unreasonableness under *Strickland* with unreasonableness under §

2254(d).  "When § 2254 (d) applies, the question is not whether counsel's actions were

reasonable.  The question is whether there is any reasonable argument that counsel

satisfied *Strickland's* deferential standard."  *Id.*

**(a) Voluntariness of Plea**

Because Petitioner pleaded guilty, he can only allege ineffective assistance of

counsel as it relates to the voluntariness of his plea.

> [A] guilty plea represents a break in the chain of events which has preceded
> it in the criminal process.  When a criminal defendant has solemnly
> admitted in open court that he is in fact guilty of the offense with which he
> is charged, he may not thereafter raise independent claims relating to the
> deprivation of constitutional rights that occurred prior to the entry of the
> guilty plea.  He may only attack the voluntary and intelligent character of
> the guilty plea by showing that the advice he received from counsel was not
> within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759, 90
> S.Ct. 1441, 25 L.Ed.2d 763 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

The test for determining the validity of a guilty plea is whether the plea represents

a voluntary and intelligent choice among the courses of action open to the defendant.

*Matthew*, 201 F.3d at 364 (citing *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  When a court assesses the validity of a guilty plea it looks to all of the relevant circumstances surrounding it.  *Matthew*, 201 F.3d at 364-365 (citing *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469 (1970)).

      A defendant pleading guilty must be competent and must have notice of the nature of the charges against him.  The plea must be entered voluntarily and not be the product of actual or threatened physical harm or mental coercion overbearing the will of the defendant.  Nor can the plea be the result of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Matthew*, 201 F.3d at 365 (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed.2d 859 (1941); *Brady*, 397 U.S. at 750, 90 S.Ct. 1463 and *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)).  In addition, the defendant must understand the consequences of his plea, including the nature of the constitutional protection he is waiving.  *Matthew*, 210 F.3d at 365 (citing *Henderson*, 426 U.S. at 645, n. 13, 96 S.Ct. 2253; *Brady*, 397 U.S. at 755, 90 S.Ct. 1263 and *Machibroda*, 368 U.S. at 493, 82 S.Ct. 510).  Finally, the defendant must have available the advice of competent counsel which acts as a safeguard to ensure that pleas are voluntarily and intelligently made.  *Matthew*, 210 F.3d at 365 (citing *Tollett*, 411 U.S. 258 at 268, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973);  *Brady*, 397 U.S. at 756 and *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

Petitioner claims that his plea was involuntary because his attorney advised him to plead guilty and accept a 15-year plea bargain, threatened him by telling him that if he did not accept the plea bargain and attempted to hire another attorney he would anger the court, convinced Petitioner that he was guilty and failed to apprise Petitioner of his right to have the State prove all the elements of the offense beyond a reasonable doubt. However, as part of his guilty plea, Petitioner signed documents indicating that his plea was voluntary and that no one had forced or persuaded him to plead guilty.  He also affirmed that he understood he had the right to a trial by jury or to the court and that the State would have to prove his guilt beyond a reasonable doubt.  Petitioner further indicated that he had read and understood the court's admonishments and the explanation of his constitutional and statutory rights, and that he was satisfied with his lawyer's representation (Court's Written Admonishments, I CR 84-94; D.E. 13-26 at 27-37).  At the hearing, Petitioner testified under oath that he understood and waived his rights to a jury trial, that he was pleading guilty because he was guilty, that no one had forced him or promised him anything to plead guilty and that he was satisfied with the service his attorney had provided him (I RR 6-8; D.E. 13-19 at 8-10).

The representations of a defendant, his lawyer and the prosecutor at a plea hearing, as well as the findings made by the judge accepting the plea, constitute a formidable barrier in a subsequent collateral proceeding.  *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Id.*, 431 U.S. at 74, 97 S.Ct. at 1629.

Petitioner has presented nothing more than conclusory allegations that his attorney threatened him when Petitioner indicated that he did not want to plead guilty and wanted to hire another attorney or that he failed to explain Petitioner's constitutional rights to him.  Regarding his complaint that his attorney advised Petitioner to plead guilty in exchange for a 15-year sentence, given the evidence against Petitioner and the fact that if convicted on the indictment he was facing a sentence of fifteen to ninety-nine years, Petitioner cannot show that the advice was faulty or caused his plea to be involuntary. For these reasons, Petitioner cannot show that his guilty plea was involuntary based on his not receiving effective assistance of counsel.

### (b) Other Ineffective Assistance of Counsel Claims

Petitioner's remaining ineffective assistance claims are based on his assertion that his attorney was ineffective for failing to object to the trial court's finding that Petitioner was guilty of the lesser-included offense.  As discussed above, Petitioner waived these claims when he pleaded guilty.  However, even if he had not waived the claims, such claims are meritless.  The trial court's determination that Petitioner was guilty of the lesser-included offense was not error, so there was no reason for Petitioner's attorney to object to it or otherwise argue that the finding by the trial court was contrary to law.

Petitioner has failed to show that the state habeas court's finding that he received effective assistance from his trial counsel is contrary to Supreme Court precedent. Therefore, summary judgment should be entered for Respondent on Petitioner's ineffective assistance of counsel claims.

### C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be denied both procedurally and on the merits. Reasonable jurists would not find the assessment of the constitutional claims or the issue of exhaustion debatable or wrong. If the district court orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment (D.E. 22) be granted and Petitioner's application for habeas corpus relief be denied. Where Petitioner's claims are unexhausted they should be denied for failure to exhaust and also on the merits. All remaining claims should be denied on the merits. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 18th day of June, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).