UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUSTIN LEIGH VENEGAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-306 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER DENYING MOTION FOR CHANGE OF VENUE**

Pending is Petitioner's motion for a change of venue to his district of incarceration (D.E. 39). The venue provisions for a Section 2254 petition are governed by 28 U.S.C. § 2241(d):

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such districts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

Petitioner *chose* to file his petition in the district of conviction. It was not transferred here. He moved for a change of venue *after* receiving an unfavorable recommendation on his petition. His motion does not appear to be a search for justice; rather Petitioner appears to be shopping for a more favorable forum.

1 / 2

In any event, it is more convenient for the petition to be heard in the Corpus Christi Division of the Southern District of Texas. The records of Petitioner's conviction, the prosecutor, the defense lawyer, and the witnesses are located in the Corpus Christi Division of the Southern District of Texas. If an evidentiary hearing is required, it would be more convenient for TDCJ to move Petitioner to the Corpus Christi Division for the hearing than it would for all the witnesses to travel to the district of Petitioner's incarceration. The interests of justice and the convenience of the witnesses would not be furthered by a transfer of venue. 28 U.S.C. §§ 1404, 2241(d).

Accordingly, the motion for a change of venue (D.E. 39) is DENIED in all things.

ORDERED this 28th day of August, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE