UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUSTIN LEIGH VENEGAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-306 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Justin Leigh Venegas ("Petitioner"), an inmate of the Texas Department of Criminal Justice—Correctional Institutions Division, has filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Dkt. No. 1), which he thereafter amended (Dkt. No. 29-2). On June 18, 2013, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R) (Dkt. No. 32), recommending that Respondent's Motion for Summary Judgment be granted and Petitioner's *habeas* petition be dismissed. Petitioner filed a number of Objections to the M&R (Dkt. No. 37).

**I. Background**

Petitioner was indicted on April 12, 2007 on one count of burglary with the intent to commit the felony offense of aggravated assault. He subsequently was re-indicted with an additional allegation that he previously had been convicted of assault on a public servant. On June 4, 2007, Petitioner pled guilty to burglary of a habitation while committing or attempting to commit the offense of aggravated assault. After the trial court accepted Petitioner's guilty plea, Petitioner asked the court to assess punishment. The court immediately held a hearing on punishment, at which three prosecution

witnesses testified. The prosecutor then told the court that the victims agreed that if the prosecution did not proceed on the enhancement allegation but instead went ahead on the charge of burglary of a habitation with intent to commit aggravated assault, they would be satisfied with a ten-year sentence. After considering the witness' testimony and Petitioner's claim at sentencing that he did not commit an aggravated assault, the court found Petitioner guilty of burglary of a habitation with the intent to commit assault (not aggravated assault) and sentenced him to ten years incarceration.

## II. Analysis of Petitioner's *Habeas* Claims

The core of Petitioner's *habeas* petition is that he pled guilty to burglary of a habitation while committing or attempting to commit the offense of aggravated assault; however, the court found him innocent of the crime charged and instead wrongfully found him guilty of burglary of a habitation with the intent to commit assault—an entirely different crime for which Petitioner was never charged. Petitioner also raises a number of ineffective assistance of counsel claims related to his guilty plea.

The M&R points out that the Thirteenth Court of Appeals of Texas previously addressed Petitioner's claim that he was convicted of a crime for which he was never charged. In rejecting this claim, the Thirteenth Court of Appeals noted that Petitioner signed and swore to a judicial confession and stipulation admitting to burglary of a habitation while committing or attempting to commit aggravated assault. After Petitioner later denied committing an aggravated assault during the punishment phase, the trial court considered the evidence and found Petitioner guilty of the lesser-included offense of burglary of a habitation with the intent to commit assault.

The M&R recommends that the Court dismiss this claim on the same ground articulated by the Thirteenth Court of Appeals. The M&R further recommends that Petitioner's ineffective assistance of counsel claims be dismissed because Petitioner cannot show that his guilty plea was involuntary based on his not receiving effective assistance of counsel. The Court agrees.

In Texas, "[i]t is well-settled law that a trial court is not required to *sua sponte* withdraw a guilty plea and enter a plea of not guilty when the accused has waived a trial by jury and entered a guilty plea before the court." *Maldonado v. State*, 2012 WL 3089365, *3 (Tex. App.—Eastland 2012) (collecting cases). This is true "even if evidence is presented that raises an issue of fact as to the guilt of the accused; in such a case, the trial court, as the trier of fact, may decide the issue of the accused's guilt without withdrawing the plea." *Id.* Once a defendant has pled guilty, the trial court must decide only if he is: (1) guilty as he pled, (2) guilty of a lesser included offense, or (3) not guilty. *Aldrich v. State*, 104 S.W.3d 890, 894 (Tex. Crim. App. 2003). As the M&R correctly notes, burglary of a habitation with the intent to commit assault is a lesser included offense of burglary of a habitation with the intent to commit aggravated assault. *See Jennings v. State*, 302 S.W.3d 306, 308 (Tex. Crim. App. 2010). It is not a completely different crime or "theory" as Petitioner repeatedly alleges. As such, counsel was not ineffective for failing to object or otherwise argue that the trial court's determination of guilt on the lesser-included offense was contrary to law.

Petitioner has lodged approximately thirty Objections to the M&R, many of which are repetitive and unclear, much like the claims in his *habeas* petitions. With the

exception of Objection Number 13, the Court finds Petitioner's numerous objections to be without merit. Objection Number 13—which points out the M&R's clerical error stating that Petitioner pled guilty to burglary of a habitation *with the intent to commit* aggravated assault instead of burglary of a habitation *while committing or attempting to commit* aggravated assault—is sustained.[1] However, this does not alter the Court's analysis or conclusion that Petitioner's habeas petition should be dismissed.

### III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation (Dkt. No. 32), as well as Petitioner's Objections and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Petitioner's Objection Number 13, **OVERRULES** Petitioner's remaining Objections, and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

In the event that Petitioner seeks a Certificate of Appealability, such request is **DENIED**.

ORDERED this 9th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1]. The Court concludes that this is a clerical error because the M&R correctly states at page 2 that Petitioner pled guilty to burglary of a habitation while committing or attempting to commit the offense of aggravated assault.