UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUSTIN LEIGH VENEGAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-306 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR RULE 60(b) RELIEF

Petitioner, an inmate assigned to TDCJ-CID's Telford Unit in New Boston, Texas, filed this *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241, 2254, challenging his Nueces County conviction for Burglary of a Habitation with Intent to Commit Assault (D.E. 1).  Final judgment dismissing his Petition for § 2254 relief and denying him a Certificate of Appealability (COA) was entered September 9, 2013 (D.E. 42, 43).  On September 23, 2013, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b) (D.E. 48); and on September 27, 2013, his motion for leave to amend and supplement his motion for Rule 60(b) relief was granted by the Magistrate Judge (D.E. 49, 50).  For the reasons set forth below, the Rule 60 (b) motion is denied.

### Discussion

**A. Rule 60(b) Motion**

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3) fraud(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>    (4) the judgment is void;
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    (6) any other any other reason that justifies relief.

As set forth in the magistrate judge's Memorandum and Recommendation entered June 18, 2013 (D.E. 32) and adopted by the court (D.E. 42), Petitioner pleaded guilty to burglary of a habitation without consent of the owner and with intent to commit the felony offense of aggravated assault. After hearing Petitioner's testimony, the trial court found him guilty of the lesser-included offense of burglary of a habitation with intent to commit assault.

The United States Supreme Court discussed the relationship between Rule 60(b) and 28 U.S.C. §§ 2254 and 2241 in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). The Rules of Civil Procedure apply to habeas corpus proceedings only to the extent they are not inconsistent with applicable federal statutory provisions and rules. *Id.*, 545 U.S. at 529, 125 S.Ct. at 2646 (citing 28 U.S.C. § 2254, Rule 11 and Fed. R. Civ. P. 81(a)(2)). When a petitioner has filed a previous federal habeas claim, 28 U.S.C. § 2244(b)(1)-(3) imposes three requirements on second or successive habeas petitions: (1) any claim adjudicated in a previous petition must be dismissed; (2) any claim not already adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high

probability of actual innocence; and (3) before the district court may accept a successive petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual innocence provisions.  If a petitioner is asserting a claim that either on its face is a habeas claim, or is similar enough to a habeas claim that failing to subject it to the same requirements would be inconsistent with the statute, he cannot circumvent the "second or successive" requirement that the claim be pre-certified by the court of appeals as falling within an exception to the successive-petition bar.  *Gonzalez*, 545 U.S. at 531-532, 125 S.Ct. at 2647-2648.

The Court explained that determining whether a Rule 60(b) motion advances one or more claims subject to the second or successive certification requirement generally will be simple.  A motion that seeks to add a new ground for relief, or attacks a previous court's resolution of a claim on the merits, would be subject to the bar.  *Id*., 545 U.S. at 532, 125 S.Ct. at 2648.  But if a Rule 60(b) motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, it would not be subject to the bar.  *Id*.

Petitioner asserts that he is bringing the motion under Rule 60(b)(3) (fraud), 60(b)(4) (void judgment), and 60(b)(6) (other reason justifying relief).  Petitioner states that he is attacking a defect in the integrity of the federal habeas proceedings, but offers nothing other than a very general assertion that the proceedings have been subject to corruption.  He begins his motion by accusing the court of corruption by officials that has infiltrated "its sacred corridors in their last minute efforts to silence and cover over the true nature of this 'case and controversy' in which Venegas's true 'Federal Questions'

reveal how *Moon v. State* was slowly engineered by corrupt members of the Bar tantalized by the financial incentive, to silently abrogate the fundamental liberty safeguards of *In re Winship"* (D.E. 48 at 1 (citations and footnotes omitted)). Petitioner claims he is "factually innocent" with "no remedy from this crippling injury" (*Id.*).

Petitioner has failed to offer any specifics to support his claim of corruption in the federal proceedings. He appears, instead, to disagree with the AEDPA standard of review of state court convictions. Petitioner raises in the instant motion the same claims that he raised prior to entry of judgment, challenging the sufficiency of the evidence used to convict him of the lesser-included offense of burglary with intent to commit assault. All of his arguments were addressed prior to entry of final judgment (D.E. 32, 42), and must be dismissed because such claims are subject to the second or successive bar. *Gonzales,* 545 U.S. at 532, 125 S.Ct. at 2648.

This court lacks jurisdiction over a habeas action that is "second or successive." See *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the district court. See 28 U.S.C. §2244 (b)(3)(A*). See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, Petitioner's claims arising out of the original state court proceedings are dismissed without prejudice to refiling if proper authorization from the Fifth Circuit is obtained.

Even looking at the arguments of Petitioner in light only of Federal Rule of Civil Procedure 60(b), Petitioner has cited no authority in support of his argument of fraud, he has cited no authority demonstrating that the judgment is void, nor has he put forth any other reason justifying relief. *See Hess v. Cockrell*, 281 F.3d 212, 214-16 (5th Cir. 2002) (arguing that the District Court was wrong in its judgment is not an extraordinary circumstance entitling petitioner to relief). If Petitioner disagrees with the judgment of the District Court, his remedy is an appeal to the Fifth Circuit Court of Appeals.

**B. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Movants challenging their state court convictions by way of a Rule 60(b) motion are subject to the COA requirement. *Ochoa Canales v. Quarterman*, 507 F.3d at 884, 888 (5th Cir. 2007).

Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that

denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484.

Petitioner's claims are dismissed on procedural grounds. A COA is denied because reasonable jurists would not disagree that Petitioner's claims are successive requiring authorization of the Fifth Circuit Court of Appeals prior to filing.

## Conclusion

Based on the foregoing, Petitioner's motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b) (D.E. 48, 49) is dismissed without prejudice because his claims are second or successive. A Certificate of Appealability is denied.

ORDERED this 4th day of October, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE