UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JUSTIN LEIGH VENEGAS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-306 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

### OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECUSAL AND DISQUALIFICATION OF DISTRICT AND MAGISTRATE JUDGE

Petitioner, an inmate assigned to TDCJ-CID's Telford Unit in New Boston, Texas, filed this *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241, 2254, challenging his Nueces County conviction for Burglary of a Habitation with Intent to Commit Assault (D.E. 1). Final judgment dismissing his Petition for § 2254 relief and denying him a Certificate of Appealability (COA) was entered September 9, 2013 (D.E. 42, 43). On September 23, 2013, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b) (D.E. 48); and on September 27, 2013, his motion for leave to amend and supplement his motion for Rule 60(b) relief was granted by the Magistrate Judge (D.E. 49, 50). Pending is Petitioner's motion for recusal and disqualification of the undersigned and Magistrate Judge Ellington (D.E. 51).

### Applicable Law

Petitioner's pleadings are construed as a motion for recusal and to disqualify pursuant to 28 U.S.C. §§ 144, 455. These sections of the United States Code

address a judicial officer's bias or prejudice.  Section 144 sets forth the procedure for a party to file a motion requesting that a judicial officer remove himself from a case, whereas section 455 requires a judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The requirements of the two sections are "similar if not identical".  U.S. v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992).  A motion for recusal is committed to the sound discretion of the district court.  Patterson v. Mobil Oil Corp., 335 F.3d 476, 483 (5th Cir. 2003); United States v. Merkt, 794 F.2d 950, 960 (5th Cir. 1986).

      Title 28, United States Code, Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding.  28 U.S.C. § 144.  Once the motion is filed, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged.  Henderson v. Dep't. of Public Safety and Corrections, 901 F.2d 1288, 1296 (5th Cir. 1990) (citations omitted).  A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true such facts would convince a reasonable man that a bias exists; and (3) the facts must show that the bias is personal, as opposed to

judicial, in nature.  Id. (citing Parrish v. Bd. of Comm. of Alabama St. Bar, 524 F.2d 98, 100 (5th Cir. 1975)); Merkt, 794 F.2d at 960.  If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge.  Henderson, 901 F.2d at 1296.  Moreover, the moving party must exercise reasonable diligence in filing an affidavit after discovering facts which show bias.  Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654 (5th Cir. 1985).

Under the first two parts of the test for legal sufficiency of the affidavit, the facts in Petitioner's affidavit must be material and stated with particularity, and if true must be such that if true, such facts would convince a reasonable man that a bias exists.  Henderson, 901 F.2d at 1296.  Petitioner's pleadings are sworn; however, he articulates no facts justifying recusal or disqualification of the magistrate or the undersigned judge.  Petitioner alleges the following:

> . . . The HONORABLE JUDGE NELDA GONZALEZ RAMOS [sic] AND MAGISTRATE JUDGE JANICE ELLINGTON have been scandalized by officials stamping their names on a set of fraudulent documents asssitign [sic] the local elite cover up the Constitutional injuries endured by this citizen found innocent on June 4, 2007.
>
>   The Memorandum and Recommendation and colluding order adopting the said Fraud have had the Honorabel [sic] Judges anmes [sic] stamped therein.  Venegas's FRCP 60(b)(3, 4, 6) Motion attacks defects in these documents that jeopardize not only the District Court's jurisdictoin [sic], but 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.' (citation omitted).

(D.E. 51 at 1-2).  Petitioner goes on in his motion to attack the *rulings* of the court, claiming that the court did not properly apply the law to his case and denied him

an evidentiary hearing. Petitioner has failed to state any material facts which, if true, would convince a reasonable person that a judicial bias exists. To the extent that Petitioner complains of adverse rulings, such rulings are not an adequate basis for demanding recusal. <u>MMR Corp.</u>, 954 F.2d at 1045; <u>Green v. Branson</u>, 108 F.3d 1296, 1305 (10th Cir. 1997). The recusal and disqualification statutes are not designed to substitute for an appeal; Petitioner's remedy is an appeal to the Fifth Circuit Court of Appeals.

## Conclusion

Based on the foregoing, Petitioner's motion to recuse and disqualify (D.E. 51) is **DENIED.**

ORDERED this 4th day of October, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE